IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GARY-WILLIAMS ENERGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2106C<br>(Judge Bruggink) |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits.

2. Admits the allegations contained in paragraph 2 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

3. The allegation contained in paragraph 3 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

4. Admits the allegation contained in paragraph 4 that the Government denied the claim; otherwise denies.

5. The allegation contained in paragraph 5 is a characterization of this action and a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Admits.

8. The allegation contained in paragraph 8 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

9. Admits the allegations contained in the first sentence of paragraph 9; denies the allegations contained in the second and third sentences of paragraph 9.

10. Denies the allegations contained in the first sentence of paragraph 10 and avers that the Government paid Gary-Williams approximately $187,201,940. Admits the allegations contained in the second sentence of paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

11. Admits the allegations contained in paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Admits the allegations contained in paragraph 13 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies. Avers that what is reported in the PMM is not a “price index.”

14. Denies the allegation contained in paragraph 14 that the PMM prices did not reflect the fair market value of the fuel

DESC purchased; denies the remaining allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Denies the allegation contained in paragraph 15 that the PMM prices did not reflect fair market value; denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies.

17. Admits the allegation contained in paragraph 17 that DESC used other price adjustments to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

18. The allegation contained in paragraph 18 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

19. The allegation contained in paragraph 19 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

20. The allegations contained in paragraph 20 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegation contained in paragraph 21 constitutes a conclusion of law and plaintiff's characterization of its case,

to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

22. The allegation contained in paragraph 22 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

23. Denies.

24. Admits the allegation contained in paragraph 24 that Gary-Williams submitted a claim; the remainder of the allegations contained in paragraph 24 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. Admits the allegations contained in paragraph 25 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

26. Admits the allegations contained in paragraph 26 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

27. Admits the allegations contained in paragraph 27 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

28. The allegation that DESC "determined the price of fuel illegally" constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required;

to the extent it they may be deemed an allegation of fact, it is denied; otherwise denies.

29. Admits the allegations contained in paragraph 29 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

30. The allegation contained in paragraph 30 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

31. Defendant incorporates by reference the responses set forth above.

32. Denies the allegation contained in paragraph 32 that the PMM prices did not reflect the fair market value of the fuel DESC purchased; denies the remaining allegations contained in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. The allegation contained in paragraph 33 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

34. The allegation contained in paragraph 34 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

35. The allegation contained in paragraph 35 constitutes a conclusion of law and plaintiff's characterization of its case,

to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

36. Defendant incorporates by reference its responses set forth above.

37. The allegation contained in paragraph 37 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

38. Denies the allegation contained in paragraph 38 that PMM prices did not reflect fair market value; denies the remaining allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39. The allegation contained in paragraph 39 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

40. The allegation contained in paragraph 40 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

41. The allegation contained in paragraph 41 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

42. The allegation contained in paragraph 42 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

43. The allegation contained in paragraph 43 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

44. Defendant incorporates by reference its responses set forth above.

45. The allegation contained in paragraph 45 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

46. Denies the allegation contained in paragraph 46 concerning Gary-Williams's reliance for lack of knowledge or information sufficient to form a belief as to its truth. The allegation concerning whether the design or intent of the "standards" was a material condition constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied; otherwise denies.

47. The allegation contained in paragraph 47 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

48. The allegation contained in paragraph 48 that DESC violated the law constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegation contained in paragraph 48 that DESC used economic price adjustment clauses based upon PMM and other market prices; otherwise denies.

49. The allegation contained in paragraph 49 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

50. The allegation contained in paragraph 50 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

51. The allegation contained in paragraph 51 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

52. The allegation contained in paragraph 52 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

53. Defendant reasserts and incorporates by reference its answers set forth above.

54. The allegation contained in paragraph 54 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

55. The allegation contained in paragraph 55 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

56. The allegation contained in paragraph 56 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

57. The allegation contained in paragraph 57 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

58. The allegation contained in paragraph 58 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

59. Defendant incorporates by reference its responses set forth above.

60. Denies the allegation contained in paragraph 60 concerning Gary-Williams’s reliance for lack of knowledge or information sufficient to form a belief as to its truth. The remaining allegations contained in paragraph 56 constitute

conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

61. The allegation contained in paragraph 61 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

62. The allegation contained in paragraph 62 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

63. Admits the allegation contained in paragraph 63 that DESC used economic price adjustment clauses based upon PMM and other market prices; otherwise denies.

64. The allegation contained in paragraph 64 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

65. The allegation contained in paragraph 65 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

66. The allegation contained in paragraph 66 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

67. The allegation contained in paragraph 67 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

68. Defendant incorporates by reference its responses set forth above.

69. Denies the allegations contained in paragraph 69 regarding Gary-Williams's intent and reliance for lack of knowledge or information sufficient to form a belief as to their truth. The remaining allegations contained in paragraph 69 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

70. Denies the allegations contained in paragraph 70 regarding Gary-Williams's intent and reliance for lack of knowledge or information sufficient to form a belief as to their truth. The remaining allegations contained in paragraph 70 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

71. The allegation contained in paragraph 71 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

72. Admits the allegation contained in paragraph 72 that DESC used economic price adjustment clauses based upon PMM and other market prices; otherwise denies.

73. Admits.

74. Denies.

75. The allegation contained in paragraph 75 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

76. The allegation contained in paragraph 76 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

77. The allegation contained in paragraph 77 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

78. The allegation contained in paragraph 78 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

79. The allegation contained in paragraph 79 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

80. The allegation contained in paragraph 80 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

81. The allegation contained in paragraph 81 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

82. The allegation contained in paragraph 82 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

83. Defendant incorporates by reference its responses set forth above.

84. The allegation contained in paragraph 84 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

85. The allegation contained in paragraph 85 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

86. The allegation contained in paragraph 86 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

87. The allegation contained in paragraph 87 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

88. The allegation contained in paragraph 88 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

89. The allegation contained in paragraph 89 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

90. The allegation contained in paragraph 90 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

91. The allegation contained in paragraph 91 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

92. Denies that plaintiff is entitled to the relief requested in its prayer for relief or to any relief whatsoever.

93. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

94. Plaintiff's claims are barred by waiver.

95. Plaintiff's claims are barred by equitable estoppel.

96. Plaintiff's claims are barred by laches.

WHEREFORE, defendant requests that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Steven J. Gillingham
by Kyle Chadwick
STEVEN J. GILLINGHAM
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-2311
Facsimile: (202) 353-7988

Attorneys for Defendant

OF COUNSEL:

BERNARD A. DUVAL
Counsel

DONALD S. TRACY
Trial Attorney
Office of Counsel
Defense Energy Support Center
Fort Belvoir, VA

November 10, 2003

## CERTIFICATE OF FILING

I certify that on November 10, 2003, the attached document was filed by means of the Court's electronic filing system with service to be made automatically by the Court's system. Parties may access this filing via the Court's system.

s/Kyle Chadwick